**SCHLEIER LAW OFFICES, PC**
3101 N. Central Avenue, Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

TOD F. SCHLEIER, ESQ. #004612
Email: tod@schleierlaw.com
BRADLEY H. SCHLEIER, ESQ. #011696
Email: brad@schleierlaw.com

**QUADRINO SCHWARTZ, PC**
666 Old Country Road, Ninth Floor
Garden City, New York 11530
Telephone: (516) 745-1122
Facsimile: (516) 745-0844

RICHARD J. QUADRINO, ESQ #RQ(0233) (*pro hac vice pending*)
Email: rjq@quadrinoschwartz.com
HAROLD J. LEVY, ESQ. #HL(1579) (*pro hac vice pending*)
Email: hjl@quadrinoschwartz.com
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| DB Healthcare, LLC d/b/a Metro Center Health Care; AVD Healthcare, LLC d/b/a Mountain Vista Health Center; MH Healthcare, LLC d/b/a North Health Center; SV Healthcare, LLC d/b/a White Rock Health Center; Quinn Chiropractic, LLC d/b/a White Rock Health Center; CK Healthcare, LLC d/b/a Avondale Health Center; TM Healthcare, LLC d/b/a Avondale Health Center; KM Healthcare, LLC d/b/a Avondale Health Center; KD Chiropractic, LLC d/b/a White Rock Health Center; EW Healthcare, LLC d/b/a Greenway Health Center; PW Healthcare, LLC d/b/a Greenway Health Center, Mary Melissa Hands; Victoria Tweedy; Robert Alexander; Simran Sethi; Sarah Quinn; Teresa Meloche; Allison Woodworth; Joe Melby; Crysty Frick; and Patricia Paradis, <br><br> Plaintiffs, <br> v. <br><br> Blue Cross Blue Shield of Arizona, Inc., <br><br> Defendant | Case No. <br><br> **COMPLAINT** <br><br> **(Jury Trial Demand)** |

Plaintiffs DB Healthcare, LLC, d/b/a Metro Center Health Care, AVD Healthcare, LLC, d/b/a Mountain Vista Health Center, MH Healthcare, LLC, d/b/a North Health Center, SV Healthcare, LLC d/b/a White Rock Health Center, Quinn Chiropractic, LLC, d/b/a White Rock Health Center, CK Healthcare, LLC, d/b/a Avondale Health Center, TM Healthcare, LLC, d/b/a Avondale Health Center, KM Healthcare, LLC, d/b/a Avondale Health Center, KD Chiropractic, LLC, d/b/a White Rock Health Center, EW Healthcare, LLC, d/b/a Greenway Health Center, PW Healthcare LLC, d/b/a Greenway Health Center, Mary Melissa Hands, Victoria Tweedy, Robert Alexander, Simran Sethi, Sarah Quinn, Teresa Meloche, Allison Woodworth, Joe Melby, Crysty Frick, and Patricia Paradis (collectively, the "Plaintiffs"), by their attorneys, the Schleier Law Offices P.C., and Quadrino & Schwartz, P.C., for their Complaint against Defendant Blue Cross Blue Shield of Arizona, Inc. ("BCBSAZ"), states as follows:

## INTRODUCTION

1.       Plaintiffs bring this litigation pursuant to ERISA §502(a) [29 U.S.C. §1132(a)], to enjoin BCBSAZ's unlawful conduct under health benefit plans governed by the Employee Retirement Income Security Act ("ERISA") and under non-ERISA health benefit plans governed by ERISA's claims regulations as adopted and incorporated into such plans by §2719 of the Patient Protection and Affordable Care Act [42 U.S.C. §300gg-19(a)(2)(A)] ("PPACA") (collectively, the "BCBSAZ Plans").

2.       Plaintiffs fall into three distinct categories.  The "LLC Plaintiffs" are the corporate medical facility Plaintiffs.  The LLC Plaintiffs are and/or were the employers of

the individual plaintiff Nurse Practitioners.  The LLC Plaintiffs are not credentialed and are not "In-Network" providers.  There is no contract between the LLC Plaintiffs and BCBSAZ.  The LLC Plaintiffs are the parties that were issued payments by BCBSAZ. Because BCBSAZ seeks to avoid and circumvent ERISA's rules and regulations, BCBSAZ has portrayed this matter as a simple contract dispute in a calculated effort to deprive the medical providers and their ERISA-participant patients of their statutory and regulatory ERISA rights, safeguards, and protections under the law.  BCBSAZ has not demanded money back from the LLC Plaintiffs.

3.     The "Individual Plaintiffs" are Nurse Practitioners.   The Individual Plaintiffs consist of current or former "In-Network" providers of BCBSAZ that were credentialed by BCBSAZ, and are or were LLC Plaintiffs employees.  Upon information and belief, no payments were made to the Individual Plaintiffs.  Because the Individual Plaintiffs are the only parties with In-Network provider agreements with BCBSAZ, the Individual Plaintiffs are the only parties that have received demands for the return of the payments made to the LLC Plaintiffs.

4.     The Individual Plaintiffs also include Nurse Practitioners that are newly hired employees of the LLC Plaintiffs that BCBSAZ is refusing to credential in retaliation for the LLC Plaintiffs' and existing In-Network Nurse Providers' refusal to refund monies illegally demanded by BCBSAZ.

5.     The demand for repayment or recoupment by BCBSAZ is unlawful and illegal pursuant to the ERISA statutory and regulatory safeguards codified by Congress, and by the Department of Labor pursuant to its Congressional mandate.  Upon receipt of

the unlawful demands for repayment by BCBSAZ, Plaintiffs retained the law firm of Quadrino & Schwartz, P.C., to assert and defend their ERISA rights.  Pursuant to that retention, named partner Richard J. Quadrino had a number of conversations, and exchanged a number of correspondence, with counsel for BCBSAZ in an effort to assert and explain Plaintiffs' ERISA rights, and in an attempt to resolve this matter.  That effort was obviously unsuccessful.

6.      Finally, there is Individual Plaintiff Crysty Frick.  Crysty Frick is a Nurse Practitioner, previously with the LLC Plaintiffs, that has recently accepted a new position with a new medical provider/employer.  In an unmitigated and blatant act of unlawful retaliation, when she attempted to get credentialed with her new employer she was refused by BCBSAZ.  When she contacted BCBSAZ and inquired why she was being refused credentialing, she was told, "Why don't you ask your lawyer why?  Why don't you ask Mr. Quadrino?"  Due to this illegal and unlawful retaliation by BCBSAZ, Ms. Frick is in jeopardy of losing her newly acquired position.

7.      Defendant BCBSAZ is the insurer, plan administrator, and/or claims administrator under the BCBSAZ Plans at issue.  BCBSAZ has unilaterally declared that sums it previously paid to the LLC Plaintiffs, knowingly and voluntarily, can be recouped by it.  Because Plaintiffs dispute BCBSAZ's legal authority to take such action, have refused to consent to such action, and have asserted their ERISA rights, and their patients' ERISA rights, BCBSAZ has commenced the retaliatory practice of refusing to credential and/or re-credential medical professionals under the BCBSAZ Plans.  The net

effect of this retaliation is a devastating negative impact upon the Plaintiffs' medical practices.

8.      Since at least May 2011, Plaintiffs have filed claims for certain blood tests performed on their patients and for the related, ancillary medical services rendered in conjunction with the tests.  BCBSAZ paid the claims in the ordinary course, acknowledging that both the tests and services were medically necessary and that the amounts billed and paid were proper.

9.      Recently, BCBSAZ unilaterally – and retroactively – reversed its prior benefits determinations made two years earlier, and declared the subject blood tests and services, that were previously declared to be proper and payable, to be "experimental" or "investigational," because health plans typically exclude payments for tests or procedures that fall into those categories.  Except for a purported web posting at some publicly unannounced location and time, BCBSAZ never declared, decided, or communicated to anyone a belief or a coverage position that the tests or services were "experimental" or "investigational" during the time that it repeatedly, knowingly, and voluntarily paid for the tests and services.

10.      As delineated herein, however, upon information and belief, the applicable ERISA-governed and PPACA-governed health plans at issue have no provisions and do not otherwise indicate that covered claims can somehow be subsequently converted into non-covered claims months or years after final benefit determination decisions have been made.  As such, there is no authority in the subject health plans for BCBSAZ to

unilaterally declare here that previously paid claims are somehow not now payable or not covered, and subject to repayment or recoupment.

11.   In addition, ERISA, and the ERISA claims regulations incorporated into PPACA-governed plans, explicitly prescribe the process by which a Plan Administrator or Claims Administrator, such as BCBSAZ, must issue "Adverse Benefits Determinations."

12.   As more fully described below, that process includes strict temporal restrictions.  Claims must be paid or denied within 30 days (subject to a possible 15-day extension not applicable here).   Additionally, an "Adverse Benefits Determination," defined as the failure to pay a claim in full, triggers a plethora of regulatory safeguards and protections in favor of the Plan participant/patients and their medical provider beneficiaries/assignees.

13.   In contravention of all of the ERISA guaranteed safeguards and protections, and in violation of ERISA's statutory rules and regulations, by letter dated February 25, 2013, BCBSAZ demanded a return of funds it previously and voluntarily paid to Plaintiffs.  When Plaintiffs complained and asserted their rights under ERISA, BCBSAZ retaliated by (a) refusing to re-credential existing In-Network Nurse Practitioners, (b) threatening to kick existing Nurse Practitioners out of the Network, and (c) refusing to credential new Nurse Practitioner employees.

14.   This action seeks: (a) to enjoin BCBSAZ from terminating the provider contracts with Plaintiffs as retaliation for Plaintiffs' assertion of their ERISA rights and their patients' ERISA rights, as prohibited by §510 [29 U.S.C. §1140] of ERISA, (b) to

6

enjoin BCBSAZ from refusing to credential the Nurse Practitioners as retaliation for asserting their ERISA rights and their patients' ERISA rights, as prohibited by §510 [29 U.S.C. §1140] of ERISA, (c) to enjoin BCBSAZ from withholding documents and data that is overdue for production to Plaintiffs under the ERISA claims regulations; (d) a declaration pursuant to ERISA §502(a)(1)(B) [29 U.S.C. §1132(a)(1)(B)], that recoupment of monies previously paid is not authorized by the ERISA claims regulations or by the terms of the applicable ERISA plans; and (e) a declaration pursuant to 28 U.S.C. §2201 and PPACA §2719 [42 U.S.C. §300gg-19(a)(2)(A)], that BCBSAZ (i) has violated the ERISA claims regulation and thus waived its rights as to all payment issues on the subject claims, (ii) has waived its rights under Arizona law by paying the subject claims to Plaintiffs voluntarily, (iii) is in breach of its fiduciary duties as a plan and claims administrator, and (iv) is in breach of contract and in breach of its duty of good faith and fair dealing under the Plans.

## THE PARTIES

15.    At all relevant times, LLC Plaintiff DB Healthcare, LLC, d/b/a Metro Center Health Care, was and is a medical services provider located at 10046 N. Metro Pkwy West, Suite 115, Phoenix, AZ 85051.

16.    At all relevant times, LLC Plaintiff AVD Healthcare, LLC, d/b/a Mountain Vista Health Center, was and is a medical services provider located at 1375 N. Scottsdale Rd, Suite 180, Scottsdale, AZ 85257.

17.     At all relevant times, LLC Plaintiff MH Healthcare, LLC, d/b/a North Health Center, was and is a medical services provider located at 8952 E. Desert Cove, Suite 105,Scottsdale, AZ 85260.

18.     At all relevant times, LLC Plaintiff SV Healthcare, LLC d/b/a White Rock Health Center, was and is a medical services provider located at 1001 E. Warner Road, Suite 107, Tempe, AZ 85284.

19.     At all relevant times, LLC Plaintiff Quinn Chiropractic, LLC, d/b/a White Rock Health Center, was and is a medical services provider located at 1001 E. Warner Road, Suite 107, Tempe, AZ 85284.

20.     At all relevant times, LLC Plaintiff CK Healthcare, LLC, d/b/a Avondale Health Center, was and is a medical services provider located at 12409 W. Indian School Rd, Suite B-210, Avondale, AZ 85323.

21.     At all relevant times, LLC Plaintiff TM Healthcare, LLC, d/b/a Avondale Health Center, was and is a medical services provider located at 12409 W. Indian School Rd, Suite B-210, Avondale, AZ 85323.

22.     At all relevant times, LLC Plaintiff KM Healthcare, LLC, d/b/a Avondale Health Center, was and is a medical services provider located at 12409 W. Indian School Rd, Suite B-210, Avondale, AZ 85323.

23.     At all relevant times, LLC Plaintiff KD Chiropractic, LLC, d/b/a White Rock Health Center, was and is a medical services provider located at 1001 E. Warner Rd, Suite 107, Tempe, AZ 85284.

24.     At all relevant times, LLC Plaintiff EW Healthcare, LLC, d/b/a Greenway Health Center, was and is a medical services provider located at 3202 E. Greenway Road, Phoenix, AZ 85032.

25.     At all relevant times, LLC Plaintiff PW Healthcare LLC, d/b/a Greenway Health Center, was and is a medical services provider located at 3202 E. Greenway Road, Phoenix, AZ 85032.

26.     At all relevant times, plaintiff Mary Melissa Hands was and is a Nurse Practitioner licensed to practice in the State of Arizona, and an "In-Network" provider for BCBSAZ.  Upon information and belief, BCBSAZ has not made any payments to Hands. Hands received a letter from BCBSAZ demanding repayment and recoupment.

27.     At all relevant times, plaintiff Victoria Tweedy was and is a Nurse Practitioner licensed to practice in the State of Arizona, and an "In-Network" provider for BCBSAZ.   Upon information and belief, BCBSAZ has not made any payments to Tweedy.   Tweedy received a letter from BCBSAZ demanding repayment and recoupment.

28.     At all relevant times, plaintiff Robert Alexander was and is a Nurse Practitioner licensed to practice in the State of Arizona, and an "In-Network" provider for BCBSAZ.   Upon information and belief, BCBSAZ has not made any payments to Alexander.   Alexander received a letter from BCBSAZ demanding repayment and recoupment.

29.     At all relevant times, plaintiff Simran Sethi was and is a Nurse Practitioner licensed to practice in the State of Arizona, and an "In-Network" provider for BCBSAZ.

Upon information and belief, BCBSAZ has not made any payments to Sethi. Sethi received a letter from BCBSAZ demanding repayment and recoupment.

30. At all relevant times, plaintiff Sarah Quinn was and is a Nurse Practitioner licensed to practice in the State of Arizona.

31. At all relevant times, plaintiff Teresa Meloche was and is a Nurse Practitioner licensed to practice in the State of Arizona, and an "In-Network" provider for BCBSAZ. Upon information and belief, BCBSAZ has not made any payments to Meloche. Meloche received a letter from BCBSAZ demanding repayment and recoupment.

32. At all relevant times, plaintiff Allison Woodworth was and is a Nurse Practitioner licensed to practice in the State of Arizona.

33. At all relevant times, plaintiff Joe Melby was and is a Nurse Practitioner licensed to practice in the State of Arizona.

34. At all relevant times, plaintiff Crysty Frick was and is a Nurse Practitioner licensed to practice in the State of Arizona.

35. At all relevant times, plaintiff Patricia Paradis was and is a Nurse Practitioner licensed to practice in the State of Arizona.

36. At all relevant times, defendant Blue Cross Blue Shield of Arizona, Inc. ("BCBSAZ"), was and is a corporation organized and existing under the laws of the State of Arizona, with its principal place of business located at 2444 W. Las Palmaritas Drive, Phoenix, Arizona 85021.

**JURISDICTION AND VENUE**

37.     Jurisdiction is founded on 28 U.S.C. §1331 and 29 U.S.C. §1132(e) because certain of the claims herein arise under the Employee Retirement Income Security Act of 1974 (29 U.S.C. §§1001 et seq.) ("ERISA") and the regulations promulgated thereunder by the United States Department of Labor, including, but not limited to, 29 C.F.R. §2560.503-1.

38.     Venue is proper in the United States District Court for the District of Arizona – Phoenix, pursuant to 28 U.S.C. §§1391(b)(1), (b)(3) and (c)(2), and 29 U.S.C. §1132(e)(2), because Defendant resides in this judicial district, is subject to personal jurisdiction in this judicial district, transacts business in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

**THE GROUP HEALTH PLANS**

39.     At all relevant times, Plaintiffs were and are providers of medical and healthcare services in the State of Arizona, with local medical facilities located in Phoenix, Tempe, and Scottsdale, among other places within the State.

40.     At all relevant times, BCBSAZ was and is the Plan Administrator and/or Claims Administrator, for the BCBSAZ Plans.

41.     Upon information and belief, the BCBSAZ Plans at issue in this litigation are group health plans or group health insurance policies governed by ERISA and/or regulated by the ERISA claims regulations contained in  29 C.F.R. §2560.503-1 (the

"ERISA Claims Regulation"), as imported into non-ERISA group health plans or group health insurance policies by PPACA.

**The Erisa Plans**

42.     The BCBSAZ Plans include Employee Welfare Benefit Plans governed by ERISA and the regulations promulgated thereunder by the United States Department of Labor.

43.     To the extent that the BCBSAZ Plans are ERISA-governed Plans (sponsored by a non-governmental entity employer), they are subject to the ERISA Claims Regulation, promulgated under 29 U.S.C. §1133 of ERISA, by the United States Department of Labor.

44.     Upon information and belief, the ERISA-governed plans do not authorize BCBSAZ to unilaterally and retroactively declare previously paid claims as somehow not now payable or not covered or subject to repayment or recoupment under the circumstances here or for the time period for which recoupment is sought herein.

45.     Any plan provision that purports to authorize any right of recovery or recoupment would be unenforceable, as violative of 9 U.S.C. §1133, if it does not:

    (1)    provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2)  afford a reasonable opportunity to any participant whose claim

for benefits has been denied for a full and fair review by the

appropriate named fiduciary of the decision denying the claim.

29 U.S.C. §1133.

46.   Any provision of the provider agreements executed by the Individual Plaintiffs that could bear upon repayment issues in this matter, and any remedies contained in the provider agreements for repayment of funds previously paid, are preempted by ERISA pursuant to 29 U.S.C. §1144 ("Express," or "Complete Preemption") and 29 U.S.C. §1132(a) ("Implied," or "Conflict Preemption"), because Defendant is seeking to recover payments for medical services rendered by Plaintiffs that are covered under the ERISA Plans.

47.   As a Plan Administrator and/or Claims Administrator for the ERISA-governed BCBSAZ Plans, BCBSAZ is a plan "fiduciary" as that term is defined in 29 U.S.C. §1002(21).  As a plan fiduciary, BCBSAZ owes a duty of undivided loyalty to both BCBSAZ Plan participants and their beneficiaries, to deal with them in the utmost good faith and to place the interests of plan participants and beneficiaries above its own interests.

48.   29 U.S.C. §1002(8) of ERISA defines "beneficiary" as "a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder."

49.   Plaintiffs have provided and continue to provide medically necessary and appropriate medical services to patients who were, at the time services were rendered,

either employees, or employees' spouses, dependants, or children covered under ERISA-governed employer-sponsored healthcare benefit plans administered by BCBSAZ.

50.     Plaintiffs are ERISA "beneficiar[ies]" pursuant to 29 U.S.C. §1002(8) because they have rights to receive benefits both pursuant to the terms of the applicable ERISA plans and have also been designated to receive benefits by their patients, who are participants under the applicable Plans.

51.     BCBSAZ Plan participants, and their spouses, dependants, and/or children treated by Plaintiffs additionally assign their rights to medical benefits to Plaintiffs through assignment of benefits forms, rendering Plaintiffs assignees of the patients/ERISA plan participants, in addition to being ERISA beneficiaries.

**The PPACA Plans**

52.     To the extent that any patients are covered under BCBSAZ Plans where a governmental entity, such as a State or the U.S. Government is the employer [such as Federal Employee Health Benefit Act ("FEHBA") claims, applicable to certain federal employees], all rights under the ERISA Claims Regulation applies to all of those group health plans, pursuant to PPACA §2719 [42 U.S.C. §300gg-19(a)(2)(A)], whether they are group insurance contracts or group self-insured health plans.  Under §2719, these plans are deemed to incorporate the ERISA Claims Regulation as a matter of law.

53.     Upon information and belief, the PPACA Plans do not authorize BCBSAZ to unilaterally and retroactively declare previously paid claims as somehow not now payable or not covered or subject to repayment or recoupment under the circumstances here or for the time period for which recoupment is sought herein.

54.     As Plan Administrator and/or Claims Administrator for the PPACA-governed Plans, BCBSAZ is a plan fiduciary under Arizona state law. BCBSAZ therefore owes a duty of undivided loyalty to both BCBSAZ Plan participants and their beneficiaries, to deal with them in the utmost good faith and to place the interests of plan participants and beneficiaries above its own interests.

55.     Plaintiffs have provided and continue to provide medically necessary and appropriate medical services to patients who were, at the time services were rendered, either employees, or employees' spouses, dependants, or children covered under PPACA-governed employer-sponsored healthcare benefit plans administered by BCBSAZ.

56.     Plaintiffs are plan "beneficiar[ies]" because they have rights to receive benefits both pursuant to the terms of the applicable PPACA plans and have also been designated to receive benefits by their patients, who are participants under the applicable Plans.

57.     BCBSAZ plan participants, and their spouses, dependants, and/or children treated by Plaintiffs additionally assigned their rights to medical benefits to Plaintiffs through an assignment of benefits form, rendering Plaintiffs assignees of the participants/patients, in addition to being plan beneficiaries.

## THE ERISA CLAIMS REGULATION

58.     The ERISA Claims Regulation, 29 C.F.R. §2560.503-1, was promulgated by the U.S. Department of Labor to set out the minimum procedural safeguards required by 29 U.S.C. §1133.

15

59.     The ERISA Claims Regulation sets forth the nationally mandated minimum requirements imposed upon BCBSAZ and all claims administrators regarding procedures pertaining to claims for group health plan benefits.  The procedures in the ERISA Claims Regulation are the exclusive, minimum procedural safeguards as to the filing, handling, decision-making, appeals, and related procedures concerning all ERISA group health plan claims governed by the ERISA Claims Regulation.

60.     There is no provision or authority in the ERISA Claims Regulation for a group health plan or claims administrator to unilaterally and retroactively declare previously paid claims as somehow not now payable or not covered or subject to repayment or recoupment.  In fact, just the opposite is true.  Claims administrators, like BCBSAZ, are required pursuant to the ERISA Claims Regulation to render final benefits determinations within short and precise time constraints.

61.     When a plan or claims administrator renders its initial decisions on claims, the ERISA Claims Regulation requires "the plan administrator [to] notify a claimant of the plan's benefit determination" within 30 days, or within a prescribed 15-day extension thereof (when the administrator requests additional information).  29 C.F.R. §2560.503-1.

62.     The ERISA Claims Regulation, at 29 C.F.R. §2560.503-1(f)(2)(iii)(B), sets forth the legally required timing of the notice of any Adverse Benefit Determination. That section provides, in pertinent part:

>     [T]he plan administrator shall notify claimant, in accordance with paragraph (g) of this section, of the plan's adverse benefit determination within a reasonable period of time, **but not later than**

**30 days after receipt of the claim**.  This period may be extended one time by the plan for up to 15 days, provided that the plan administrator both determines that such an extension is necessary due to matters beyond the control of the plan and notifies the claimant, prior to the expiration of the initial 30-day period, of the circumstances requiring the extension of time and the date by which the plan expects to render a decision.   If such an extension is necessary due to a failure of the claimant to submit the information necessary to decide the claim, the notice of extension shall specifically describe the required information . . . .

(emphasis added).

63.   The ERISA Claims Regulation defines "Adverse Benefit Determination" as:

[A] denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit, including any such denial, reduction, or termination, or failure to provide or make payment that is based on a determination of a participant's or beneficiary's eligibility to participate in a plan, and including, with respect to group health plans, a denial, reduction, or termination of, or a failure to provide or make payment (in whole or in part) for, a benefit resulting from the application of any utilization review, as well as a failure to cover an item of service for which benefits are

otherwise provided because it is determined to be experimental or investigational or not medically necessary or appropriate.

29 C.F.R. §2560.503-1(m)(4).

64. By letter dated February 25, 2013, BCBSAZ demanded a return of funds it previously and voluntarily paid to Plaintiffs, in the amount of $237,000.00 (the "Repayment Letter")1.

65. There was and is no authority to support BCBSAZ's demand for a repayment of funds by Plaintiffs. Even if there was any legal authority to support such a decision by BCBSAZ, as delineated below, its Repayment Letter violated, and continues to violate, 29 U.S.C. §1133 and the ERISA Claims Regulation in a variety of ways.

66. By demanding repayment of previously paid claims, BCBSAZ's Repayment Letter constituted an "Adverse Benefit Determination," as that term is defined in 29 C.F.R. §2560.503-1(m)(4), for all of the claims that the amount sought includes.

67. Pursuant to 29 C.F.R. §2560.503-1(f)(2)(iii)(B), by notifying the claimants of Adverse Benefit Determinations, BCBSAZ was operating in the capacity of a "Plan Administrator."

---

[1]The Repayment Letter does not include amounts demanded from all Plaintiffs, and the total amount that BCBSAZ seeks to have repaid is therefore believed to be substantially greater than $237,000.

68.   The ERISA Claims Regulation, at 29 C.F.R. §2560.503-1(g), sets forth the legally required content of any Adverse Benefit Determination.  That section provides, in pertinent part:

> The notification shall set forth, in a manner calculated to be understood by the claimant –
>
> (i)   The specific reason or reasons for the adverse determination;
>
> (ii)    Reference to the specific plan provisions on which the determination is based;
>
> (iii)   A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary;
>
> (iv)   A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's rights to bring a civil action under section 502(a) of the Act following an adverse benefits determination on review;
>
> (v)  In the case of an adverse benefit determination by a group health plan or a plan providing disability benefits,
>
>> (A)  If an internal rule, guideline, protocol, or other similar criteria was relied upon in making the adverse determination, either the specific rule, guideline, protocol or other similar criterion; or a statement that such a rule, guideline, protocol, or other similar criterion was relied upon in making the

adverse determination and that a copy of such rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request; or

(B)  If the adverse benefit determination is based on a medical necessity or experimental treatment or similar exclusion or limit, either an explanation of the scientific or clinical judgment for the determination, applying the terms of the plan to the claimant's medical circumstances, or a statement that such explanation will be provided free of charge upon request.

69.     Neither the Repayment Letter – nor, upon information and belief, any other type of notice – was sent to any plan participant/patient of Plaintiffs who had received medical services for which Defendant demanded repayment.  The Repayment Letter violated  29 U.S.C. §1133 because it did not:

(1)    provide adequate notice in writing to any participant or beneficiary whose claim for benefits under the plan has been denied, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the participant, and

(2)  afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim.

70.    The Repayment Letter violated 29 C.F.R. §2560.503-1 because it:

■    Violated the 30-day rule, together with any applicable extension thereto, contained in 29 C.F.R. § 2560.503-1(f)(2)(iii)(B) , because the request for Repayment was years after the benefit determinations were made and the payments rendered therefor; no letters were sent during the applicable 30-day period reserving any legal rights; to the contrary, the claims were fully approved and paid;

■    Violated 29 C.F.R. §2560.503-1(g)(1)(ii) because it failed to reference the specific BCBSAZ Plan provisions on which the determinations were based.  Indeed the Repayment Letter does not reference any BCBSAZ Plan provision;

■    Violated 29 C.F.R. §2560.503-1(g)(1)(iv) because it failed to provide a description of the BCBSAZ Plan's review procedures, including the ERISA right to bring a civil action under Section 502(a);

■    To the extent that any Adverse Benefit Determination was based on an internal rule, guideline, protocol, or other similar criterion, the Repayment Letter violated 29 C.F.R. §2560.503-1(g)(1)(v)(A) because it failed to identify any specific "internal rule, guideline, protocol, or other similar criterion [that] was relied upon in making the adverse determination," or advise "that a copy of such

internal rule, guideline, protocol, or other criterion will be provided free of charge to the claimant upon request;"

■ Violated 29 C.F.R. §2560.503-1(h) because it failed advise the Plaintiffs that they were entitled to be "provided, upon request and free of charge . . . all documents, records, and other information relevant to the claimant's claim for benefits . . . .;" and

■ Violated 29 C.F.R. §2560.503-1(h) because it failed to advise the Plaintiffs that they had one hundred and eighty (180) days following receipt of the notification of an Adverse Benefit Determination to appeal the decision.

71. Subsection (b) of the Regulation provides, in pertinent part, that:

The claims procedures for a plan will be deemed to be reasonable only if . . . [they] comply with the requirements of paragraphs . . . (f) [and] (g) . . . of this section . . . .

72. BCBSAZ's adverse benefits determinations contained in the Repayment Letter do not comply with these sections of the ERISA Claims Regulation and are therefore unreasonable as a matter of law.

73. 29 C.F.R. §2560.503-1(l) provides, in pertinent part:

In the case of the failure of a plan to establish or follow claims procedures consistent with the requirements of this section, a claimant shall be deemed to have exhausted the administrative remedies available under the plan . . . .

74.     In each circumstance in which the ERISA Claims Regulations were violated, the administrative remedies on the claims were deemed exhausted, as a matter of law, pursuant to 29 C.F.R. §2560.503-1(l).

75.     Upon receipt of BCBSAZ's February 25, 2013 Adverse Benefit Determination, Plaintiffs were vested with all of the rights and statutory safeguards provided by 29 C.F.R. §2560.503-1, as set forth above, and additionally including, "free of charge . . . access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. §2560.503-1(h)(2)(iii) (emphasis added).

76.     A document, record, or other information will be considered "relevant" to a claimant's claim if such document, record, or other information:

(i)  Was relied upon in making the benefit determination;

                    *                    *                    *

(ii)  Was submitted, considered, or generated in the course of making the benefit determination, without regard to whether such document, record, or other information was relied upon in making the benefit determination;

                    *                    *                    *

(iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or

\*                    \*                    \*

       (iv)  In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied treatment option or benefit for the claimant's diagnosis, without regard to whether such advice or statement was relied upon in making the benefit determination.

29 C.F.R. §2560.503-1(m)(8)(i)-(iv).

       77.    In addition to the foregoing, an ERISA Administrator, such as BCBSAZ, is required to supply a participant or his or her designee with the Summary Plan Description ("SPD") and, upon written request, a copy of any "[t]rust agreement, contract, or other instruments under which the Plan is established or operated."  29 U.S.C.A. §1021(a)(1) & (2), 29 U.S.C.A. §1024(b)(4).

       78.    Plaintiffs requested all relevant documents from Defendant and Defendant has not responded to the request, nor produced any documents.

       79.    The United States Department of Labor is the U.S. governmental agency responsible for the enforcement of ERISA and for the promulgation of the ERISA Claims Regulation.

       80.    The United States Department of Labor, through its Solicitor of Labor, Associate Solicitor for Plan Benefits Security, and Counsel for Appellate and Special Litigation, out of the Department's Washington D.C. headquarters, has taken the official position that if an ERISA-governed plan document were to provide for the re-opening of

closed and adjudicated claims, all of the procedural protections contained in the ERISA Claims Regulation apply to any such repayment effort.

81.     BCBSAZ's violations of the ERISA Claims Regulation and failure to assert an Adverse Benefit Determination within the 30-day period provided by the ERISA Claims Regulation constitutes  waiver, forfeiture, preclusion, or works an estoppel, as a matter of law, as to all potential defenses or counterclaims as to payment on all of the subject health plan claims.

82.     Because, as stated earlier, PPACA §2719 incorporates the ERISA Claims Regulation (29 C.F.R. §2560.503-1) into all group health benefit plans, all of the above applies with equal force and effect to all of the PPACA Plans' claims.

## BCBSAZ CANNOT RECOVER NON-TRACEABLE FUNDS

83.     Section 502(a)(3) [29 U.S.C. §1132(a)(3)], provides the exclusive remedy for BCBSAZ to seek to recoup or recover funds previously paid under the BCBSAZ Plans.

84.     The United States Supreme Court has held that claims administrators, such as BCBSAZ, only have standing to pursue claims under ERISA §502(a)(3).  A cause of action under that section is in equity only and, as such, BCBSAZ cannot recover funds that were not segregated and/or are not specifically traceable.  BCBSAZ cannot sue at law for money damages and therefore cannot sue to recover any alleged "overpayments" unless it can identify segregated, traceable funds, in addition to establishing a legal basis for any such claim for repayment.

85.     Plaintiffs do not and did not segregate funds received by BCBSAZ on claims paid for services rendered to BCBSAZ patients. The funds are expended for expenses and allocated and disbursed in the ordinary course of business.

86.     Thus, Plaintiffs are entitled to summary judgment on these grounds alone, on their claim for declaratory relief herein.

## COUNT ONE

### [Injunctive Relief to Stop Retaliation:

### 29 U.S.C. § 1132 (a)(3) & 29 U.S.C. §1140]

87.     Plaintiffs repeat and incorporate by reference paragraphs "1" through "86" as if fully set forth herein.

88.     Pursuant to ERISA §502(a)(3) [29 U.S.C. §1132(a)(3)], Plaintiff may obtain a judgment to enjoin acts or practices that violate the ERISA statutory and regulatory scheme and may obtain appropriate equitable relief to redress violations and to enforce provisions of ERISA and the terms of a plan.

89.     ERISA §510 [29 U.S.C. §1140], provides, in pertinent part:

It shall be unlawful for any person to . . . discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . .  The provisions of section 1132 of this title shall be applicable in the enforcement of this section.

90.     Pursuant to ERISA §510 [29 U.S.C. §1140], and ERISA §502(a) [29 U.S.C. §1132(a)], Plaintiffs may obtain a judgment to enjoin retaliatory acts or practices

against Plaintiffs, as beneficiaries and/or assignees of BCBSAZ Plan participants' ERISA rights.

91.    BCBSAZ's refusal to credential the Individual Plaintiffs in the ordinary course of business constitutes retaliation.

92.    BCBSAZ's threatened termination of the Individual Plaintiffs as In-Network providers constitutes retaliation.

93.    Due to the foregoing, the Individual Plaintiffs are entitled to an affirmative injunction against BCBSAZ mandating that BCBSAZ immediately cease all retaliatory practices and immediately credential the Individual Plaintiffs in the ordinary course of business and without further delay.

94.    Due to the foregoing, the Individual Plaintiffs are entitled to a negative injunction against BCBSAZ ordering that BCBSAZ refrain from terminating the Individual Plaintiffs' In-Network provider agreements, pending resolution of this action, and thereafter, based on Plaintiffs' assertion of their ERISA rights and their patients' ERISA rights.

**COUNT TWO**

**[Declaratory Relief As To Repayment**

**Of Benefits: 29 U.S.C. § 1132 (a)(3)]**

95.    Plaintiffs repeat and incorporate by reference paragraphs "1" through "94" as if fully set forth herein.

96.    ERISA §502(a)(1)(B) [29 U.S.C. §1132(a)(1)(B)], permits a plan participant, beneficiary, or their assignee, to obtain declaratory relief.

97.     BCBSAZ's purported reversals of benefit determinations it voluntarily made, years ago, and any attempt to recover payments made on those claims determinations: (a) are in violation of 29 U.S.C. §1133, (b) are in violation of the ERISA Claims Regulation, (c) are not authorized by any enforceable terms of the BCBSAZ Plans, and (d) cannot be implemented due to the doctrines of forfeiture, waiver, and estoppel.

98.     Upon information and belief, there existed no published BCBSAZ policy or position concerning the tests at issue in this litigation, or concerning payment therefor.

99.     Plaintiffs submitted requests for payment for the tests performed in the ordinary course of business, and BCBSAZ routinely and customarily approved such testing as medically necessary, proper and appropriate, and processed and paid Plaintiffs' for the testing.

100.    Plaintiffs relied upon the fact that BCBSAZ had no published policy or document advising that the testing was "experimental" or "investigational," and Plaintiffs relied upon BCBSAZ's conduct of routinely determining that the testing was medically necessary and proper, and routinely paying for the testing.

101.    BCBSAZ understood and expected that Plaintiffs would rely upon BCBSAZ's actions in approving and paying for the testing, and Plaintiffs in fact relied upon the acts and conduct of BCBSAZ to their detriment.

102.    Due to the foregoing, BCBSAZ is estopped from asserting that the testing is now inappropriate, "experimental" or "investigational," and is estopped from seeking recoupment for prior testing.

103.   Regardless of the legal basis asserted by BCBSAZ, any claim or counterclaim by BCBSAZ for a refund on ERISA-governed claims would be preempted by ERISA.  As such, all of BCBSAZ's remedies are exclusively limited to the equitable remedies provided by §502 (a)(3) of ERISA [29 U.S.C. §1132 (a)(3)].

104.    Under ERISA, a health insurer, claims administrator, plan administrator or plan sponsor has no standing and cannot pursue a claim for money damages against a medical provider.

105.   The sole remedy available under ERISA for recovery of such funds is equitable in nature, rather than legal, and any such funds previously paid must have been segregated and must be identifiable.  The funds would need to be traceable and identifiable, such as funds specifically segregated and sequestered in an escrow account.

106.   The funds that BCBSAZ seeks to recover were transmitted, dispersed, and expended, long ago.  There could never be any tracing that could allow an equitable restitution claim to be considered or to proceed, as a matter of law.

107.   Because Plaintiffs did not hold, set aside and segregate the funds at issue, those funds cannot be recovered by BCBSAZ, as a matter of law.

108.   Moreover, any attempt to recoup funds already paid is unlawful due to BCBSAZ's failure to timely act within the time frames set forth in the ERISA Claims Regulation.  Pursuant to 29 C.F.R. §2560.503-1(f)(2)(iii)(B), within 30 days of receiving a claim, the plan or claim administrator must either pay the claim, deny the claim, or request information and a 15-day extension of time.  Any claim denial or assertion of a legal defense must be asserted within the confines of ERISA's strict regulatory

framework.   Failure to comply constitutes a waiver, preclusion, or forfeiture of any defense or claim for a refund and legally estops BCBSAZ from pursuing such a Repayment.

109.   Due to the foregoing, Plaintiffs are entitled to a declaration that (a) Defendant has no legal authority to reverse, years later, health plan benefit determinations it voluntarily made under the BCBSAZ Plans, (b) is estopped by its prior conduct from reversing the determinations and seeking recoupment of previously paid claims, and (c) cannot recoup monies that have been previously paid pursuant to the terms of the applicable Plans.

## COUNT THREE

### [Declaratory Relief: 28 U.S.C. § 2201]

110.   Plaintiffs repeat and incorporate by reference herein Paragraphs "1" through "109" above.

111.   As to the non-ERISA PPACA-governed BCBSAZ Plans' ("PPACA Plans") claims, all payments made to Plaintiffs were pursuant to the terms and conditions of the PPACA Plans.

112.   The PPACA Plans are contracts.

113.   Plaintiffs are both beneficiaries and assignees under the PPACA Plans.

114.   A duty of good faith and fair dealing is implied as a matter of law in all contracts.

115.   By seeking to recover in contravention of the PPACA Plans, BCBSAZ has breached its duty to deal in good faith and fairly with Plaintiffs. Nothing in the PPACA

Plans provides authority for BCBSAZ to unilaterally and retroactively declare previously paid claims as somehow not now payable or not covered or subject to repayment or recoupment in contravention of the ERISA Claims Regulation.

116.   BCBSAZ's breach has injured Plaintiffs.

117.   Accordingly, as to the PPACA Plans' claims, BCBSAZ: (a) has violated the ERISA Claims Regulation and thus waived its rights as to all payment issues on the subject claims, (b) has waived its rights under Arizona law by paying the subject claims to Plaintiff voluntarily, (c) is in breach of its fiduciary duties as a plan and claims administrator, and (d) is in breach of contract and in breach of its duty of good faith and fair dealing under the Plans.  Plaintiffs are entitled to a declaration, pursuant to 28 U.S.C. §2201, that Defendant is foreclosed from recovering any amounts from Plaintiffs on the PPACA Plans' claims.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all issues so triable.

**WHEREFORE,** Plaintiffs DB Healthcare, LLC, d/b/a Metro Center Health Care, AVD Healthcare, LLC, d/b/a Mountain Vista Health Center, MH Healthcare, LLC, d/b/a North Health Center, SV Healthcare, LLC d/b/a White Rock Health Center, Quinn Chiropractic, LLC, d/b/a White Rock Health Center, CK Healthcare, LLC, d/b/a Avondale Health Center, TM Healthcare, LLC, d/b/a Avondale Health Center, KM Healthcare, LLC, d/b/a Avondale Health Center, KD Chiropractic, LLC, d/b/a White Rock Health Center, EW Healthcare, LLC, d/b/a Greenway Health Center, PW

Healthcare LLC, d/b/a Greenway Health Center, Mary Melissa Hands, Victoria Tweedy, Robert Alexander, Simran Sethi, Sarah Quinn, Teresa Meloche, Allison Woodworth, Joe Melby, Crysty Frick, and Patricia Paradis, demand judgment, in their favor and against defendant Blue Cross Blue Shield of Arizona, Inc.:

    A.      On Count One:

          1.      an affirmative injunction against BCBSAZ mandating that BCBSAZ immediately cease all retaliatory practices and immediately credential Plaintiffs in the ordinary course of business and without further delay; and

          2.      a negative injunction against BCBSAZ ordering that BCBSAZ refrain from terminating Plaintiffs' In-Network provider agreements, pending resolution of this action, and thereafter, based on Plaintiffs' assertion of their ERISA rights and their patients' ERISA rights;

    B.      On Count Two, a declaration that:

          1.      Defendant has no legal authority to reverse, years later, health plan benefit determinations it voluntarily made under the BCBSAZ Plans; and

2.     Defendant cannot recoup monies that have been previously paid pursuant to the terms of the applicable Plans;

C.     On Count Three, pursuant to 28 U.S.C. §2201, a declaration that:

     1.     Defendant has violated the ERISA Claims Regulation and thus waived its rights as to all payment issues on the subject claims;

     2.     Defendant has waived its rights under Arizona law by paying the subject claims to Plaintiff voluntarily;

     3.     Defendant is in breach of its fiduciary duties as a plan and claims administrator; and

     4.     Defendant is in breach of contract and in breach of its duty of good faith and fair dealing under the Plans;

D.     Legal fees, pursuant to 29 U.S.C. §1132(g); and

E.     For such other, further and different relief as the Court deems just and proper.

DATED this 31st day of July, 2013.

SCHLEIER LAW OFFICES, P.C.

s/ Tod F. Schleier
Tod F. Schleier
QUADRINO SCHWARTZ, P.C.
Richard J. Quadrino
Harold J. Levy
Attorneys for Plaintiffs